NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER DALRYMPLE,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, *et al.*,<br><br>　　　　　　　　Respondents. | Civil Action No. 21-6372 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court on Petitioner's amended petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (ECF No. 3.) Following an order to answer, Respondents filed a response to the Petition, (ECF No. 6), to which Petitioner replied (ECF No. 8). For the following reasons, this Court will deny the amended petition, and will deny Petitioner a certificate of appealability.

**I.　　BACKGROUND**

　　In its opinion affirming the denial of Petitioner's post-conviction relief (PCR) petition, the Superior Court of New Jersey, Appellate Division, summarized the factual background of Petitioner's conviction as follows:

> [Petitioner] was charged in a four-count indictment with crimes related to multiple sexual attacks [on] his niece-by-marriage, A.T., during sleepovers at his house with her cousins, [Petitioner]'s children, one of whom, J.D., was A.T.'s age. The assaults commenced in October 1997 and ended in February 2002; A.T. was between the ages of six and ten years-old[.] [Petitioner] was convicted by [a] jury of two counts of first-degree aggravated sexual

>assault, . . . second-degree sexual assault, . . . and third-degree endangering the welfare of a child related to sexual assaults[.] [The Appellate Division] affirmed his conviction in April 2016, remanding only for reconsideration of [a fine that was] imposed. . . . The [New Jersey] Supreme Court denied [Petitioner]'s petition for certification [in 2016].

(ECF No. 6-24 at 2.)

At Petitioner's trial, the State presented expert testimony regarding Child Sexual Assault Accommodation Syndrome ("CSAAS"). Expert testimony regarding CSAAS had been in regular use since the 1980s in New Jersey cases in which child victims delayed reporting sexual abuse. (*Id.* at 3-7.) During the pendency of Petitioner's PCR appeal, the New Jersey Supreme Court reversed course as to CSAAS testimony and held it to be insufficiently reliable to warrant admission in criminal trials as to any issue other than delayed reporting. *See State v. J.L.G.*, 190 A.3d 442, 446 (2018). Even as to delayed reporting, the New Jersey Supreme Court placed limitations on such testimony by experts, including barring reference to CSAAS itself. *Id.* at 446-466. This ruling, which constituted a break with former caselaw, was granted pipeline retroactivity by the Appellate Division to New Jersey state court cases which were pending on direct appeal at the time it was decided. *See State v. G.E.P.*, 205 A.3d 1155 (N.J. Super. Ct. App. Div. 2019), *rev'd in part on other grounds*, 235 A.3d 157 (N.J. 2020).[1] Pipeline retroactivity, however, excluded Petitioner's case from the retroactive effects of *J.L.G.*, which Petitioner challenged in his PCR appeal. (ECF No. 6-24 at 2-3.) The Appellate Division rejected this challenge, however, finding no reason to vary from its earlier decision granting only pipeline retroactivity, and thus

---

[1] After Petitioner's PCR appeal was decided, the New Jersey Supreme Court affirmed the decision providing only pipeline retroactivity to cases then on direct review, but reversed the Appellate Division as to its vacation of one defendant's conviction in that case. *See G.E.P.*, 205 A.3d at 173, 175.

declined to apply *J.L.G.* to Petitioner's case even though the admission of CSAAS testimony would have been improper in Petitioner's case had *J.L.G.* applied to it. (*Id.* at 3-17.)

In his PCR appeal reply brief, Petitioner also argued that the admission of CSAAS testimony in his case violated state evidentiary rules in light of *J.L.G.* (*Id.* at 17.) The Appellate Division, however, found this claim to be procedurally barred as the argument was not raised on appeal, was not raised in the lower PCR court, and was raised only in a reply brief. (*Id.*) Notwithstanding the procedural bar, the Appellate Division also rejected the claim on the merits, finding it an attempt to circumvent the decision as to the retroactive application of *J.L.G.* and as an "improper[] pars[ing]" of *J.L.G.*'s decision into both a new rule of state law and an evidentiary decision rather than as a single decision as to the creation of a new rule of law. (*Id.*) Petitioner now seeks to use his amended habeas petition to raise both of his appellate PCR claims in this Court. (*See* ECF No. 3.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta[,]" of the opinions of the United States Supreme Court. *Woods v. Donald*, 575 U.S. 312, 316 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. DISCUSSION

Petitioner raises two claims in his amended habeas petition, both of which challenge the admission of CSAAS testimony during his trial. Petitioner argues that the Appellate Division erred in providing only pipeline retroactivity to *J.L.G.* and that the admission of CSAAS testimony at his trial violated state evidentiary rules in light of *J.L.G.* Both claims, however, dispute what is quintessentially an issue of *state* rather than federal law. Specifically, the claims dispute the state courts' decision to bar Petitioner's claims because the case on which they were based—*J.L.G.*—was given only pipeline retroactivity and did not apply to Petitioner's case. "'[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" *Warren v. Kyler*, 422 F.3d 132, 136 (3d Cir. 2005) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). This includes state court decisions on the retroactivity of state law

decisions. *Id.* Here, Petitioner impermissibly attempts to raise a state court retroactivity challenge. This is beyond the scope of a habeas petition because the Supreme Court has long held that "the federal constitution has no voice upon the subject of retroactivity." *Id.* (internal citation and quotations omitted). State courts are thus free to adopt their own rules as to the retroactive effect of their decisions in state criminal matters, and habeas relief is unavailable to challenge such decisions. *Id.* Petitioner's claim that the state courts improperly denied him the retroactive benefit of *J.L.G.* thus fails to set forth a valid basis for habeas relief as binding Supreme Court precedent "requires that [federal courts] heed the state court's application of its own retroactivity principles." *Id.* at 137.

Petitioner's second claim fares no better than his first. In it, he argues that the Appellate Division on PCR review "ignored" *J.L.G.* in refusing to find that the admission of CSAAS testimony at trial violated state evidentiary rules as to the proper admission of expert testimony. As the Appellate Division found, however, this claim was little more than a last ditch attempt to circumvent the state courts' retroactivity ruling as to *J.L.G.* and bootstrap the holding of *J.L.G.* into previously existing state evidentiary rules. The state courts determined that *J.L.G.* was not retroactive to Petitioner's case, and thus provided him no benefit under state law, and this Court may not interfere with that decision of purely state law. *Warren*, 422 F.3d at 137. Petitioner's second claim thus fails for the same reason as the first – it fails to set forth a valid basis for habeas

relief.[2] *Id.* As both of Petitioner's claims fail to set forth a valid claim for which habeas relief may be granted, his amended habeas petition is denied.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "[A petitioner] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented [here] are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Petitioner's habeas claims are without merit for the reasons set forth above, he has failed to make a substantial showing of a denial of a constitutional right, and his petition is not adequate to receive encouragement to proceed further. This Court therefore denies Petitioner a certificate of appealability.

---

[2] Even if Petitioner's second claim was not merely a clever reframing of his retroactivity challenge, it would still fail to provide a basis for habeas relief for two reasons. First, the Court notes that "[t]he Due Process Clause does not permit the federal courts to engage in a finely-tuned review of the wisdom of state evidentiary rules," *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983), and claims challenging the admissibility of testimony or other evidence are normally considered questions of state law which are not cognizable in habeas corpus petitions. *See Keller v. Larkins*, 251 F.3d 408, 416 n.2 (3d Cir. 2001) ("A federal habeas court . . . cannot decide whether the evidence in question was properly allowed under the state law of evidence"). As there is no clearly established federal law which holds that the admission of CSAAS testimony amounts to a Due Process violation in and of itself, *see, e.g., Amaya v. Frauenheim*, 823 F. App'x 503, 505 (9th Cir. 2020), Petitioner's evidentiary claim is also a matter of state law for which this Court may not provide habeas relief. Finally, the Court notes that the state courts found that Petitioner's claim, raised for the first time on appeal in a reply brief, was improperly raised and procedurally barred. As such, the claim, if it had merit, is procedurally defaulted. *Dretke v. Haley*, 541 U.S. 386, 392 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Where a state court clearly invokes an applicable state procedural bar, as the Appellate Division did here, this Court may not address that claim unless the Petitioner can show cause for the default and prejudice. *See Dretke*, 541 U.S. at 393. As Petitioner has not shown cause and prejudice, his claim is defaulted even if it had merit, and this Court would also be prevented from providing relief on Petitioner's second claim even were it not otherwise meritless as a basis for habeas relief.

6

## V. CONCLUSION

In conclusion, Petitioner's amended habeas petition (ECF No. 3) is **DENIED**, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
